IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

[12] ANGEL BERMUDEZ-
CARTAGENA, a/k/a "Apache/El Doctor",
Defendant.

CRIMINAL NO. 16-282 (PG)

**PLEA AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))




**TO THE HONORABLE COURT:**

**COMES NOW**, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodriguez-Velez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney, Unit Chief, Violent Crimes and RICO Unit, and Victor O. Acevedo-Hernandez, Assistant United States Attorney, along with Defendant, **Angel Bermudez-Cartagena**, and his counsel, Ramon M. Gonzalez-Santiago, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **CHARGES TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One, which charges him with conspiring to violate 18 U.S.C. § 1962(c), namely, that beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the year 2016, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, **Angel Bermudez-Cartagena,** and other persons, being persons employed by and associated with the enterprise, La Asociación Pro

1

Derechos y Rehabilitación del Confinado, also known as La Asociación Pro Derechos de los Confinados, and La Asociación ÑETA (hereinafter referred to as La Asociación ÑETA or the "enterprise"), which engaged in, and the activities of which affected, interstate, and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly, and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity. All in violation of 18 U.S.C. § 1962(d).

### 2. MAXIMUM PENALTIES

Defendant understands that the penalty for the charge to which Defendant agrees to plead guilty is as follows: a term of imprisonment of not more than life; a fine of not more than two hundred and fifty thousand dollars ($250,000.00); and a term of supervised release of not more than five (5) years.



### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6. RULE 11(c)(1)(B) WARNINGS



Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).

### 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant

factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2D1.1(c)(5), At Least 1 KG but less than 3 KG of Heroin | | | | | | | | 30 |
| Special Offense Characteristic | U.S.S.G. § 2D1.1(b)(4), Distribution in a Prison | | | | | | | | 2 |
| Special Offense Characteristic | U.S.S.G. § 3B1.1(b), Aggravating Role | | | | | | | | 3 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | | -3 |
| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level | 32 |
| | 32 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 | 210-262 | | |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties reserve the right to recommend a sentence within the applicable Guideline Sentencing Range for a total offense level of 32 when combined with Defendant's Criminal History Category as determined by the Court. At sentencing, Defendant may argue that his sentence be served concurrently with any other sentence he is serving. The United States reserves the right to argue that the sentence be served consecutive to any other sentence Defendant is serving.

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range for the total offense level calculated in this Plea Agreement when combined with the Defendant's criminal history category as determined by the Court, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including

4

but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by either party. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of this Plea Agreement, in which case, the Plea Agreement will be annulled and Defendant's rights as enumerated in paragraph thirteen (13) will be reinstated.

### 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, Ramon M. Gonzalez-Santiago, and asserts that counsel has rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant

5

unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

## 15. LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

19. **DISMISSAL OF OTHER COUNTS**

At sentencing, the United States will request the dismissal of all the remaining Counts against Defendant in the Indictment.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 9-10-18

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes and RICO Unit
Dated: 9-10-2018

_____
**Victor O. Acevedo-Hernandez**
Assistant U.S. Attorney
Dated: 9/26/18

_____
**Ramon M. Gonzalez-Santiago**
Counsel for Defendant
Dated: 9/26/18

_____
**Angel Bermudez-Cartagena**
Defendant
Dated: 9/26/2018

7

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 9/26/2018

**Angel Bermudez-Cartagena**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 9/26/2018

**Ramon M. Gonzalez-Santiago**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violation of 18 U.S.C. § 1962(d). Had this matter proceeded to trial, the United States would have presented evidence through the testimony of cooperating witnesses, law enforcement agents, and experts, as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt the following:

Beginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the year 2016, in Puerto Rico, there was an organization, an association-in-fact, known as La Asociación Pro Derechos y Rehabilitación del Confinado, also known as La Asociación Pro Derechos de los Confinados, and La Asociación ÑETA (hereinafter referred to as La Asociación ÑETA or the "enterprise"). Originally, inmates of the Puerto Rico Department of Corrections and Rehabilitation ("PRDCR") created La Asociación ÑETA as an organization dedicated to advocating for the rights of inmates. La Asociación ÑETA and its members had a presence in all of the prisons of the PRDCR. In time, the enterprise evolved from a group of inmates that strived to improve conditions for fellow inmates in the PRDCR to a criminal organization whose members numbered in the thousands.

The main purpose of La Asociación ÑETA was to make money for its members and the enterprise. La Asociación ÑETA introduced and distributed multi-kilogram quantities of cocaine, marijuana, and heroin into the prison system of the PRDCR for profit. Also, the enterprise introduced cellular telephones into the prisons and charged a fee to other inmates for using the

9

same. Members of the enterprise would use cellular phones to engage in drug trafficking. La Asociación ÑETA's activities affected interstate or foreign commerce, as the narcotics distributed by the members of La Asociación ÑETA were not produced in wholesale quantities within Puerto Rico.

As a member of La Asociación ÑETA, Defendant knowingly and intentionally conspired with diverse other persons to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of La Asociación ÑETA through a pattern of racketeering activity consisting of multiple acts involving drug trafficking, including cocaine, heroin, and marijuana in violation of the laws of the United States, that being, 21 U.S.C. §§ 841 and 846.

Members of the enterprise conspired to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance, and one-hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance.

For purposes of this Plea Agreement, however, Defendant acknowledges that he possessed at least one kilogram but less than three kilograms of heroin. Moreover, Defendant accepts that at some point in the conspiracy, he was a Maximum Leader for the organization. The Maximum Leaders oversaw the criminal activities of the members of the enterprise. The Maximum Leaders controlled the income generated by the activities of the enterprise through the members that were part of the Chapter Leadership, which directly supervised the activities of the enterprise within a

particular prison facility in the PRDCR. The Maximum Leaders purchased multi-kilogram quantities of narcotics and oversaw their introduction and sale in the prisons of the PRDCR.

_____
**Victor O. Acevedo-Hernandez**
Assistant United States Attorney
Dated: 9/26/18

_____
**Ramon M. Gonzalez-Santiago**
Counsel for Defendant
Dated: 9/26/2018

_____
**Angel Bermudez-Cartagena**
Defendant
Dated: 9/26/2018